IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 1:16-cv-20343-DMM

Melanie E. Damian, as Receiver of Hunter
Wise Commodities, LLC, Hunter Wise
Services, LLC, Hunter Wise Credit, LLC,
And Hunter Wise Trading, LLC,

        Plaintiff,

v.

International Metals Trading & Investments, Ltd.
and Bill Perry,

        Defendants.
_____/

**VERIFIED MOTION FOR DEFAULT FINAL JUDGMENT
AGAINST DEFENDANTS INTERNATIONAL METALS
TRADING & INVESTMENTS, LTD. AND BILL PERRY**

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiff, Melanie E. Damian, as Receiver of Hunter Wise Commodities, LLC, Hunter Wise Services, LLC, Hunter Wise Credit, LLC, and Hunter Wise Trading, LLC ( the "Receiver"), hereby requests the entry of a Default Final Judgment against Defendants International Metals Trading & Investments, Ltd. ("International Metals") and Bill Perry, and in support states:

1. On January 29, 2016, the Receiver filed a Complaint, commencing this action against Defendants International Metals and its principal Bill Perry, stating claims for fraudulent transfer and unjust enrichment based on Defendants' acceptance and retainment of funds (derived from customers) that were improperly transferred from Hunter Wise Credit, LLC to International Metals and subsequently to Bill Perry. *See* ECF No. 1.

2. The Receiver attempted to serve International Metals through its principal and registered agent, Mr. Perry, but was unable to locate Mr. Perry.

3. On March 23, 2016, the Receiver served International Metals through the State of Alaska Department of Commerce Community and Economic Development (the "Department") with a copy of the Summons and Complaint, pursuant to Alaska Statute Section 10.06.175.

4. On April 29, 2016, the Department accepted service of process on behalf of International Metals and issued a confirmation of payment receipt to the Receiver. Proof of service on International Metals through the Department was filed with the Court on May 13, 2016 [ECF No. 13].

5. International Metal's response to the Complaint was therefore due on May 20, 2016.

6. Because International Metals did not timely file a Response, the Receiver, on June 14, 2016, filed a Request for Entry of Clerk's Default against International Metals [ECF No. 14].

7. On June 15, 2016, the Clerk of Court indicated that it would not default International Metals based on the form of the proof of service and recommended that the Receiver seek an order from the Court directing the Clerk to enter a default against International Metals. *See* ECF No. 15.

8. On June 28, 2016, the Receiver sent to International Metals (through certified mail) notice that service was made on the Commissioner of the Department, pursuant to Alaska Statute Section 10.06.175(b)(2).

9. On or about July 21, 2016, International Metal's principal and registered agent, Mr. Perry, contacted the undersigned counsel and acknowledged that he received a copy of the Summons and Complaint.

10. Accordingly, on October 18, 2016, the Receiver filed a Motion to Direct the Clerk of Court to Enter a Clerk's Default Against International Metals [ECF No. 24]. The next day, the Clerk entered a default against International Metals [ECF No. 26].

11. Similarly, the Receiver exercised due diligence in attempting to locate Mr. Perry for personal service of the Complaint and Summons, but the Receiver was unable to locate him.

12. On April 28, 2016, the Receiver filed a Motion for Leave to Serve Summons and Complaint on Defendant Bill Perry by Publication and Motion for Extension of Time to Perfect Service on Defendant Perry [ECF No. 12].

13. On July 7, 2016, the Court entered an order granting the Receiver's motion to serve Mr. Perry by publication and extended the deadline to perfect service on Mr. Perry [ECF No. 18].

14. In compliance with Section 49.10, Florida Statutes and the Court's July 7, 2016 order, the Receiver published a Notice of Action in the Chicago Daily Law Bulletin in Cook County, Illinois (in the county of Mr. Perry's last known address) and also in the Palm Beach Daily Business Review in Palm Beach County, Florida (in the county where this Court is located), once during each week for four consecutive weeks. *See* ECF No. 20 and 21.

15. Pursuant to Section 49.09, Florida Statutes, Mr. Perry was required to file a response to the Complaint with the Clerk of Court and serve the Receiver with a copy of the response no more than 60 days after the first publication of the Notice of Action. Therefore, Mr. Perry's response to the Complaint was due on September 19, 2016.

16. Accordingly, on October 17, 2016, the Receiver filed its Request for Entry of Clerk's Default against Mr. Perry [ECF No. 23]. Two days later, the Clerk entered a default against Mr. Perry [ECF No. 25].

17. As alleged in the Complaint, International Metals received a series of four transfers from Hunter Wise Credit, LLC during a time period when Hunter Wise Credit, LLC was being utilized to perpetrate a fraud on thousands of retail customer, and was insolvent. The transfers totaled $564,335.59. A Summary of Disbursements listing all of those transfers was attached as Exhibit "A" to the Complaint, and is attached hereto as **Exhibit "A"** and incorporated, by reference, herein.

18. Mr. Perry was the President and sole shareholder of International Metals. As such, he received and/or directly benefited from the transfers that International Metals received from Hunter Wise Credit, LLC, and thus should be held jointly and severally liable under the claims stated against them in the Complaint.

19. The Receiver incurred costs in the amount of $586.00 against International Metals and $630.00 against Mr. Perry in connection with prosecuting this action. A summary and documentation of such costs is attached hereto as **Composite Exhibit "B."**

WHEREFORE, Plaintiff, Melanie E. Damian, in her capacity as the Receiver of Hunter Wise Commodities, LLC, Hunter Wise Services, LLC, Hunter Wise Credit, LLC, and Hunter Wise Trading, LLC, respectfully requests that the Court: (1) enter the attached proposed Default Final Judgment in her favor and against Defendants, International Metals Trading & Investments, Ltd. and Bill Perry, jointly and severally, for damages in the amount of $564,335.59; (2) award to Plaintiff costs in the amount of $586.00 against International Metals Trading & Investments, Ltd. and $630.00 against Bill Perry, pursuant to Federal Rule of Civil Procedure 54; (3) award to Plaintiff post-judgment interest at the statutory rate; and (4) grant such other and further relief as this Court deems just and proper.

## DECLARATION

Under penalties of perjury, I declare that the foregoing facts are true and correct to the best of my knowledge.

_____
Melanie E. Damian, as Receiver
of Hunter Wise Commodities,
LLC, Hunter Wise Services, LLC,
Hunter Wise Credit, LLC and Hunter Wise
Trading, LLC

**DAMIAN & VALORI, LLP**
*Counsel for Plaintiff*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile:  (305) 371-3965

/s/ Kenneth Dante Murena
KENNETH DANTE MURENA
FLORIDA BAR NO. 147486
EZEQUIEL J. ROMERO
FLORIDA BAR NO. 107216

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 2, 2016, a true and correct copy of the foregoing was served via U.S. Mail upon Bill Perry and International Metals Trading & Investments, Ltd., c/o Bill Perry as registered agent, at 980 N. Michigan Avenue, Ste. 1400, Chicago, Illinois 60611-7500.

/s/ Kenneth Dante Murena
Kenneth Dante Murena

5