IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-CV-20343-DMM

MELANIE E. DAMIAN, as Receiver of Hunter
Wise Commodities, LLC, Hunter Wise
Services, LLC, Hunter Wise Credit, LLC,
And Hunter Wise Trading, LLC,

        Plaintiff,

v.

INTERNATIONAL METALS TRADING &
INVESTMENTS, LTD. and BILL PERRY,

        Defendants.
_____/

## ORDER VACATING ENTRY OF DEFAULT AS TO DEFENDANT BILL PERRY AND DENYING MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendants Bill Perry's ("Perry") *pro se* Motion to Dismiss Case ("Motion"), docketed on November 16, 2016. (DE 30). In her Motion for Leave to Serve Summons and Complaint on Perry by Publication (DE 17), Plaintiff Melanie E. Damian, receiver for the Hunter Wise entities ("Plaintiff"), represented to the Court that she had attempted to personally serve Perry with the Complaint but had been unable to locate any current residence. (DE 17-1). The Court granted Plaintiff's Motion. (DE 18). Plaintiff served Perry by publishing notice of the lawsuit in Palm Beach, Florida and Chicago, Illinois (DE 20 & 21), Perry's last known address (DE 17). Perry did not respond to the Complaint by the September 19, 2016 deadline, which had been activated by the date the notice was first published. Plaintiff then moved for entry of default as to Perry. (DE 23). The Clerk of Court entered Perry's default on October 19, 2016 (DE 25). The specific purpose of Perry's motion is not entirely clear. It is styled as a "Motion to Dismiss Case" but reads as an Answer with affirmative defenses. The Court therefore construes it as a Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b), an Answer under Fed. R. Civ. P. 8, and a Motion to Vacate Entry of

Default under Fed. R. Civ. P. 55(c). For the following reasons, the Motion to Dismiss is denied, the Answer is deemed responsive, and the entry of default as to Perry is vacated.[1]

First, I find Perry's arguments to dismiss the claims insufficient. When reviewing a motion to dismiss, the court "accept[s] the allegation in the . . . complaint as true and construe[s] them in the light most favorable" to the plaintiff. *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). A complaint should be dismissed on the merits only when, even assuming the facts alleged, the plaintiff has failed to "state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6). Although he devotes much energy to refuting the factual allegations underpinning the Complaint, he does not contend that, *were the facts as Plaintiff claims*, he would not be liable to the receivership. Aside from the merits issue, Perry asserts that he "just recently learned about the case through un-involved third party and [has] not been served notice." (DE 30 at 1). In theory, "insufficient service of process" is a legitimate ground for dismissing a complaint. Fed. R. Civ. P. 12(b)(5). In this case, however, Perry does not address Plaintiff's multiple attempts to serve him personally or by publication.[2] As I will discuss further below, Perry's lack of awareness as to the Complaint may state good cause to vacate entry of default. But so long as the method of service was procedurally sound – as was the case here – dismissal based on Rule 12(b)(5) is unwarranted. However, because Perry contests the factual basis for the claims and presents what may be construed as affirmative defenses, his motion shall be deemed a responsive Answer.

---

[1] To the extent Perry seeks to vacate default, answer on behalf of, or dismiss the action against Defendant International Metals Trading & Investments, Ltd. ("International Metals"), of which he is the president and sole shareholder, the instant Motion is ineffective. Corporations, unlike individuals, may not appear *pro se*; they must be represented by counsel in all dealings with the Court. *Palazzo v. Gult Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). The entry of default as to International Metals therefore remains in effect. I will instruct Perry by separate order on appearing *pro se* in his individual capacity.

[2] Perry appears to contend that the only effort made to serve him was to send a process server to an address in Anchorage, Alaska. (DE 30 at 1). Prior to service by publication, Plaintiff attempted service at other addresses as well. (DE 17-1).

Next, I turn to the issue of default. As discussed above, Perry claims that he was unaware of the proceedings and was never served with process. That is because he was purportedly out of the United States from "early 2012" until June 7, 2016, and so had no opportunity to learn of the claims against him. (DE 30 at 1).

Rule 55(c) of the Federal Rules of Civil Procedure permits a court to "set aside an entry of default for good cause." Fed. R. Civ. Pro. 55(c). Having reviewed the Motion and record, the Court finds that good cause to vacate entry of default exists. Courts recognize good cause under Rule 55(c) when the default was neither "culpable [n]or willful," when "setting it aside would [not] prejudice the adversary," and when "the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominica de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

As to culpability, Perry represents that, despite proper service, he was unaware of the Complaint until some undisclosed recent date. (DE 30 at 1). Although proper service puts defendants on constructive notice that a lawsuit exists, there is little evidence that Perry failed to respond out of willful disregard of the claims.[3] His ignorance thus amounts to "excusable neglect" under Federal Rule of Civil Procedure 6(b). Fed. R. Civ. P. 6(b); *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993) (determining whether negligent inaction is excusable is "at bottom an equitable" exercise).

On the question of prejudice, Plaintiff may be prejudiced insofar as the receivership would be denied the speediest route to recovering funds relating to the Hunter Wise claims, should the Court vacate default. However, this prejudice is outweighed by the third factor courts consider pursuant to Rule 55(c). Defaults are generally disfavored because there is "strong

---

[3] The instant motion was mailed from the same address in Petersburg, Indiana (DE 30 at 40) upon which Plaintiff attempted service on March 3, 2016 (DE 17-1 at 2). Accepting Perry's representations as true, he would not have returned to this address to receive process until June 7, 2016, and so may very well have been ignorant of this action.

policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). Here, Perry's Motion to Dismiss vigorously disputes several of the Complaint's material factual allegations. The Court will not deny any of the Parties the opportunity to present the merits of their case.

Accordingly, it is **ORDERED** and **ADJUDGED** that

(1) Defendant Bill Perry's Motion to Vacate Clerk's Default (DE 30) is **GRANTED**. The Clerk of Court shall **VACATE** Clerk's Entry of Default as to Bill Perry (DE 25);

(2) Defendant Bill Perry's Motion to Dismiss (DE 30) is **DENIED**;

(3) Defendant Bill Perry's Motion (DE 30) is deemed a responsive Answer under Fed. R. Civ. P. 8; and

(4) An Amended Scheduling Order and *Pro Se* Instructions will follow.

**SO ORDERED** in Chambers at West Palm Beach, Florida, this 21 day of November, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record;
             Bill D. Perry
             112 Harvest Ln
             Petersburg, IN 47567