IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 1:16-cv-20343-DMM

Melanie E. Damian, as Receiver of Hunter
Wise Commodities, LLC, Hunter Wise
Services, LLC, Hunter Wise Credit, LLC,
And Hunter Wise Trading, LLC,

        Plaintiff,

v.

International Metals Trading & Investments, Ltd.
and Bill Perry,

        Defendants.
_____/

**PLAINTIFF'S OMNIBUS RESPONSE IN OPPOSITION TO
DEFENDANT BILL PERRY'S MOTIONS TO DISMISS COMPLAINT**

      Plaintiff, Melanie E. Damian, in her capacity as Receiver (the "Receiver" or "Plaintiff") for Hunter Wise Commodities, LLC, Hunter Wise Services, LLC, Hunter Wise Credit, LLC, and Hunter Wise Trading, LLC, through undersigned counsel, files her omnibus response in opposition to Mr. Perry's motions to dismiss the Complaint [ECF Nos. 42, 44, 45, 51, and 52], and in support states:

**Introduction**

      Mr. Perry's Motions to Dismiss [ECF Nos. 42, 44, 45, 51, and 52] should be denied because Mr. Perry can neither represent nor raise defenses on behalf of International Metals Trading & Investments, Ltd. ("International Metals") given that Mr. Perry is not a licensed attorney and the Clerk's Default entered against International Metals has not been vacated. And, Mr. Perry's motions to dismiss are procedurally improper and not authorized under the Federal Rules of Civil Procedure.

**Background**

On January 29, 2016, the Receiver brought this action against International Metals and Mr. Perry (collectively, "Defendants") seeking damages for: (1) Fraudulent Transfer under California Civil Code Section 3439.04(a)(1); (2) Fraudulent Transfer under California Civil Code Sections 3439.04(a)(2) and 3439.05; and (3) Unjust Enrichment. After Defendants failed to timely respond to the Complaint, Plaintiff, on October 17, 2016, moved for entry of a clerk's default against Mr. Perry, and the next day moved for entry of a clerk's default against International Metals.[1] *See* ECF Nos. 23 and 24. On October 19, 2016, a Clerk's Default was entered against each Defendant for failing to respond to the Complaint. *See* ECF Nos. 25 and 26.

On November 16, 2016, Mr. Perry (appearing *pro se*) filed a motion to dismiss the Complaint [ECF No. 30]. The next day, the Court entered an order vacating entry of default as to Mr. Perry, denied his motion to dismiss the Complaint, and deemed his motion as an Answer [ECF No. 31]. However, the Clerk's Default entered against International Metals was not vacated [ECF No. 32]. Since then, Mr. Perry has sent to the Court by facsimile and U.S. mail a flurry of "motions to dismiss" [ECF Nos. 37, 38, 42, 44, 45, 51, and 52]. The Court denied one of the motions *sua sponte*, and issued an order warning Mr. Perry about communicating with the Court through facsimile. *See* ECF Nos. 37 and 43. As set forth below, this Court should deny Mr. Perry's motions

---

[1] Plaintiff attempted to serve Mr. Perry and exercised due diligence in attempting to locate him for personal service, but Mr. Perry could not be found. On April 28, 2016, Plaintiff moved for leave to serve Summons and Complaint on Mr. Perry by publication [ECF No.12]. On July 7, 2016, the Court granted Plaintiff's request to serve Mr. Perry through publication [ECF No. 18]. The Plaintiff published a Notice of Action in the Chicago Daily Law Bulletin in Cook County, Illinois and also in the Palm Beach Daily Business Review once during each week for four (4) consecutive weeks. International Metals was served through the State of Alaska Department of Commerce and Economic Development.

to dismiss as they are procedurally improper and not authorized under the Federal Rules of Civil Procedure.

## Argument

**I. Mr. Perry's Motions to Dismiss Should be Denied Because he Cannot Represent International Metals in Judicial Proceedings.**

As a preliminary matter, Mr. Perry's motions to dismiss, which were filed on behalf of International Metals, should be denied because he cannot represent International Metals in this proceeding. It is well settled that corporations, partnerships, and limited liability companies are artificial legal entities that can act only through agents, cannot appear *pro se*, and must be represented by counsel. *See United States v. Natalie Jewelry*, 14-CR-60094, 2015 WL 150841, at *4 (S.D. Fla. Jan. 13, 2015), *report and recommendation adopted sub nom. United States v. Jewelry*, 14-60094-CR, 2015 WL 1181987 (S.D. Fla. Mar. 13, 2015) (citing *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir.1985)) ("the rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel."); *see also Souffrant v. Denhil Oil, LLC,* No. 10–80246–CIV, 2010 WL 1541192, at *1 (S.D. Fla. Apr.16, 2010) ("the proposition that a corporation must be represented by an attorney also applies to limited liability companies."). Consequently, when such entities are unrepresented in litigation and fail to retain counsel despite notice and an opportunity to do so, their claims or defenses may be dismissed. *See, e.g., Palazzo,* 764 F.2d at 1386 (affirming dismissal of corporation's claims because it failed to retain counsel despite opportunity to do so).

Here, the gravamen of Mr. Perry's motions to dismiss concern International Metals' alleged status as a "dissolved foreign entity" and allegations that it cannot be sued in federal court. *See* ECF Nos. 42, 44, and 52. Mr. Perry, however, cannot raise defenses on behalf of International Metals because he is not a licensed attorney and cannot otherwise represent an artificial entity in

this or any other judicial proceeding.  Moreover, International Metals is precluded from raising defenses to this action, absent an order vacating the Clerk's Default entered against the company [ECF No. 26]. As such, Mr. Perry's motions to dismiss should be denied.

## II. Mr. Perry's Motions to Dismiss Should Be Denied Because They Are Procedurally Improper And Assert Unfounded Arguments.

Mr. Perry's motions to dismiss [ECF Nos. 42, 44, 45, 51, 52] should be denied because they are procedurally improper and not authorized under the Federal Rules of Civil Procedure. Pursuant to the unambiguous mandatory language of Rule 12(b), a motion to dismiss must be made before an answer is filed.  *See Brisk v. City of Miami Beach, Fla.*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989). Federal Rule of Civil Procedure 12(b) provides that a motion raising any of seven enumerated defenses to a complaint "shall be made *before* pleading if a further pleading is permitted" (emphasis added).  A party waives any defense listed in Rule 12(b)(2)-(5) by failing to either make it by motion under the rule or include it in a responsive pleading or in an amended pleading allowed under Rule 15(a)(1) as a matter of course.  *See* Fed. R. Civ. P. 12(h).  After an answer has been filed, the proper vehicle for challenging a complaint is by motion for judgment on the pleadings rather than a motion to dismiss for failure to state a claim.  *Brisk*, 709 F. Supp. at 1147.

Here, Mr. Perry's motions to dismiss should be denied because they are not authorized under the Federal Rules of Civil Procedure.  Mr. Perry's motions to dismiss were all filed after he was deemed to have filed an Answer to the Complaint. Therefore, to the extent the motions to dismiss seek to challenge the sufficiency of the allegations within the Complaint, the motions are procedurally improper and are of no legal effect.  And, to the extent Mr. Perry seeks to challenge the jurisdiction of this Court over International Metals, Mr. Perry may neither represent nor raise

4

defenses on behalf of International Metals because Mr. Perry is not an attorney and the Clerk of Court issued a Clerk's Default against International Metals.

Further, Mr. Perry's allegations that the Receiver violated the Court's discovery deadlines [ECF No. 42 and 44] are unfounded as the Court already determined that the Receiver did not violate the Court's pre-trial deadlines and extended certain deadlines pursuant to duly noticed motions. *See* ECF No. 41. Likewise, Mr. Perry's request for a dismissal of this action based on his misunderstanding of the contents and purpose of Plaintiff's Rule 26 initial disclosures is improper. *See* ECF No. 51. As such, Mr. Perry's motions to dismiss should be denied.

WHEREFORE, Plaintiff, Melanie E. Damian, as Receiver, respectfully requests that this Court: (i) deny Mr. Perry's Motions to Dismiss the Complaint [ECF Nos. 42, 44, 45, 51, and 52]; (ii) strike any further motions to dismiss that Mr. Perry files on behalf of International Metals or that are not authorized by the Federal Rules of Civil Procedure; and (iii) grant any further relief this Court deems just and proper.

Respectfully submitted,

**DAMIAN & VALORI, LLP**
*Counsel for Plaintiff*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile:  (305) 371-3965

*/s/ Kenneth Dante Murena*
KENNETH DANTE MURENA
FLORIDA BAR NO. 147486
EZEQUIEL J. ROMERO
FLORIDA BAR NO. 107216

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2017, a true and correct copy of the foregoing was served via CM/ECF on all parties of record, and on Defendant Bill Perry via Facsimile (312) 803-0938.

/s/Kenneth Dante Murena
Kenneth Dante Murena