IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 1:16-CV-20343-DMM

Melanie E. Damian, as Receiver of Hunter
Wise Commodities, LLC, Hunter Wise
Services, LLC, Hunter Wise Credit, LLC,
And Hunter Wise Trading, LLC.

Plaintiff,

v.

International Metals Trading & Investments, Ltd.
And Bill Perry

Defendants,

## DEFENDANT(S) REPLY TO PLAINTIFF'S "OMNIBUS" RESPONSE IN OPPOSITION TO DEFENDANT BILL PERRY'S MOTIONS TO DISMISS COMPLAINT

Your honor, Ms. Damian has responded by asking the court to deny what she colorfully describes in her response as a "flurry" of motions filed by me to dismiss this case based on her assertion that "Mr. Perry (Me) can neither represent or raise defenses on behalf of International Metals Trading & Investments, Ltd. (An Alaska Corporation) given Mr. Perry (Me) is not a licensed attorney and that the Clerk's Default entered against International Metals Trading & Investments, Ltd. (An Alaska Corporation) has not been vacated and Mr. Perry's motions to dismiss are procedurally improper and not authorized under the Federal Rules of Civil Procedure."

Your honor, I would like to reply with an answer to both of these objections raised by Ms. Damian first by making note of the fact that this civil action has been brought against International Metals Trading & Investments, Ltd. (a legally formed and later dissolved corporate entity of the State of Alaska) and me,

1

*Bill D. Perry, personally. Your honor, I have made an incredible effort and have already gone to great expense to defend this filing by Ms. Damian to date and her case has several serious issues with it that Ms. Damian is doing everything in her power to get around that I would like to address one-by-one here.*

### *Process of Service:*

*This lawsuit was filed on January 29th, 2016 by the Plaintiff and she claims in her response that she "excercised due diligence in attempting to locate me for personal service, but I could not be found" and that court granted Ms. Damian's request to serve me by publication which she did in the Chicago Daily Law Bulletin of Cook County, Illinois as well as the Palm Beach Daily Business Review once each week for (4) consecutive weeks.*

*Your honor, how can Ms. Damian claim that she exercised due diligence in attempting to personally locate me when it is a fact I am a registered voter/resident of the State of Alaska and not the State of Illinois as she has also falsely stated in her claim that I argue any simple internet search if actually done with any degree of care or responsibility would have easily revealed this important fact.*

*Your honor, in regards to Ms. Damian's notation of her attempt to serve me, or better yet, International Metals Trading & Investments, Ltd. of Alaska the Summons and Complaint by publication, my response is that I read the Chicago Law Bulletin and the Palm Beach Daily Business Review no more than Ms. Damian or any of her colleagues read the Anchorage Daily News or Alaska Salmon Fishing Reports.*

*Your honor, Ms. Damian has also raised the defense that she also served International Metals Trading & Investments, Ltd. via the State <u>of Alaska Department of Commerce & Economic Development</u>. Your honor, Ms. Damian is a licensed attorney and she very well should know that the Alaska Department of Commerce & Economic Development does not accept and cannot accept Service of Summons for corporate entities registered in the State of Alaska and has no mechanism(s) in place to do so and Ms. Damian's entire argument regarding having served notice of this action to the defendant(s) should be rejected your honor since I had absolutely no knowledge of this action until late July /August of 2016 by which time I believe a default judgment against International Metals Trading & Investments, Ltd. (An Alaska Corp) and me personally (Bill Perry) had already been entered.*

### **<u>Motions Filed By Facsimile</u>:**

*Your honor, Ms. Damian in her response has made note of the fact that the Court had denied one of my motions to sua sponte, and issued a warning to me about communicating to the Court via facsimile. Your honor, upon learning of this case I contacted your chambers to verify the case with your Law Clerk and was informed it was ok to use the fax to send in motions since I was in Wisconsin. Your honor, I would like to take the this time to formally apologize to you and the Court for not understanding your Law Clerk's directive to me to only use the facsimile to file a time sensitive/critical motion(s) only which I have immediately rectified and have filed all motions since via U.S. Mail or in person and I find Ms. Damian's note of this argumentative and is a distraction from the real facts of my motions to dismiss this case.*

### *Pro-Se Representation & Charge of Unfounded Arguments:*

*Your honor, Ms. Damian has now raised issue with my pro-se defense of International Metals Trading Investments, Ltd. (An Alaska Corporation) as has stated that motions to dismiss filed be me on behalf of "International Metals" should be denied because she claims that it is settled law that corporations are artificial legal entites that cannot be represented pro-se.*

*Your honor, where was Ms. Damian's objection to my pro-se representation before I came all the way to West Palm Beach, Florida at great personal expense and aggravation to attend a Settlement Conference in good faith that I and Ms. Damian were personally mandated to attend, which I did and she gracefully did not?*

*Your honor, if it truly is a matter now of technicalities in the law that Ms. Damian would like to now argue that I personally cannot represent International Metals Trading & Investments, Ltd. (An Alaska Corporation) pro-se without a licensed attorney, then your honor I will concede and withdraw my motions to dismiss this case with prejudice on behalf on International Metals Trading & Investments, Ltd. (An Alaska Corporation) and re-assert my motions to dismiss this case with prejudice for and on behalf of myself, the human being and non-artificial entity and United States citizen Bill Perry also named in this action which will allow Ms. Damian to pursue her claim against a dissolved United States corporate entity that Ms. Damian knows was not the recipient of the four (4) transactions shown in (Exibit A attached) that her entire case against me (Bill Perry) and International Metals Trading & Investments, Ltd. (An Alaska Corporation) is based upon and what Ms. Damian also already knows that it I undisputable fact*

4

*that these transactions originated from Hunter Wise Commodities, and were transferred to a similarly named foreign (non-U.S) entity with a corresponding foreign (non-U.S.) bank account, not the Alaskan entity named in this lawsuit, much less any bank in the United States or to me (Bill Perry) personally.*

*I would like to point out your honor that entity named in this action is indisputably International Metals Trading & Investments, Ltd., a formally active and now dissolved corporation filed with the <u>Alaska Department of Corporations</u> which has no way of legally defending itself since dissolved legal entities cannot enter into contract(s) nor control bank/financial accounts that would be used to place such attorney representation on retainer and I would argue that bringing a suit against a dissolved United States entity with no assets regarding transactions it did not receive in 2011 & 2012 which also very well maybe beyond the statute of limitations since this case was brought in January of 2016 is not only fruitless, but harassment.*

*Your honor, Ms. Damian needs to file her case against a foreign (non U.S.) entity in a foreign (non-U.S.) jurisdiction that the four (4) transfers that are listed in (Exibit A attached) refer to that are the entire basis for her case. These transfers did not go to International Metals Trading & Investments, Ltd. (the Alaska Corporation Named in this Action) or to me, Bill Perry or to my personal bank account(s) that correspond to my Social Secuity Number. These transfers went to a foreign (non-U.S.) entity and a foreign (non-U.S.) bank from Hunter Wise and this fact Ms. Damian cannot dispute and Ms. Damian*

5

knows it and is trying to hide this undisputable fact.

### Closing:

Your honor, with the Highest Respect I ask you to reject Ms. Damian's attempt to keep this cleverly ill-crafted lawsuit going and dismiss this lawsuit against the long-ago dissolved International Metals Trading & Investments, Ltd. (An Alaska Corporation) and most importantly me, the person and United States citizen (Bill Perry) with prejudice and I further ask your honor I be financially compensated by the plaintiff for this horrible and incredibly stressful un-just and expensive experience.

Respectfully,

*[signature]*

Bill Dean Perry

February 1st, 2017

**Hunter Wise Commodities, LLC, et. al.**
**Case No.: 12-CV-81311-Middlebrooks/Brannon**
**United States District Court**
**Southern District of Florida**

**Disbursements to Dealers for All Hunter Wise Entities**

| Entity | Type | Num | Date | Name | Account | Amount |
|---|---|---|---|---|---|---|
| HW Credit | Check | Wire | 07/26/2011 | International Metals Trading | 1000 · CNB Business Ckg | (45,000.00) |
| HW Credit | Check | Wire | 07/27/2011 | International Metals Trading | 1000 · CNB Business Ckg | (250,000.00) |
| HW Credit | Check | Wire | 07/29/2011 | International Metals Trading | 1000 · CNB Business Ckg | (255,593.43) |
| HW Credit | Check | Wire | 02/02/2012 | International Metals Trading | 1000 · CNB Business Ckg | (13,742.16) |
| | | | | | **TOTAL:** | **(564,335.59)** |

**EXHIBIT A**

B. Henry
900 N. Michigan Ave, Ste. 1900
Chicago, IL 60611

Honorable Judge Donald M. Middlebrooks
United States District Court, Southern District of Florida
701 Clematis St., Room 257
West Palm Beach, Florida 33401

JACKSONVILLE FL 320
01 FEB 2017 PM 4

GAINESVILLE
FEB -1 2017
USPS-32608
USA
FOREVER