## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:16-CV-20343-DMM

MELANIE E. DAMIAN, as Receiver of Hunter
Wise Commodities, LLC, Hunter Wise
Services, LLC, Hunter Wise Credit, LLC,
and Hunter Wise Trading, LLC,

    Plaintiff,

v.

INTERNATIONAL METALS TRADING &
INVESTMENTS, LTD. and BILL PERRY,

    Defendants.

_____/

## <u>ORDER AND OPINION DENYING DEFENDANT BILL PERRY'S MOTIONS TO DISMISS</u>

  THIS CAUSE comes before the Court upon Defendants Bill Perry's ("Perry") multiple *pro se* Motions to Dismiss with Prejudice ("Motions"), filed between December 29, 2016 and January 25, 2017.  (DE 38, 42, 44, 45, 51, & 52).  Plaintiff Melanie E. Damian, Receiver for the Hunter Wise Entities (the "Receiver"), filed an Omnibus Response in opposition to the Motions on January 27, 2017 (DE 53), to which Perry replied on February 7, 2017 (DE 55).  For the reasons stated below, the Motions are denied.

### BACKGROUND

  This action was brought pursuant to the Receiver's powers and responsibilities, as defined by the Court in the action styled *United States Commodity Future Trading Comm'n v. Hunter Wise Commodities, LLC, et al.*, Case No. 12-81311-CIV-Middlebrooks (the "Receivership Action").  (DE 1, hereinafter "Complaint" or "Compl." at ¶¶ 1-3, 12).  The underlying claim in the Receivership Action concerned the Hunter Wise Entities' violation of the

Dodd-Frank Act. That violation, orchestrated by Hunter Wise's principals, was based on a scheme to defraud customers by enticing them to purchase physical precious metals through intermediary dealers (Compl. at ¶¶ 21-27), when in fact the customers did not receive title to any physical metals and the HW entities did not possess or store metals on their behalf. (*Id*. at ¶ 35). Rather, the customers' orders were ultimately aggregated into Hunter Wise's own derivative trading accounts for metal futures or forward contracts. (*Id*. at ¶¶ 30-37). Hunter Wise compensated dealers involved in the scheme "with a portion of the fees and charges paid by the customers for the transactions." (*Id*. at ¶ 25). After protracted litigation initiated by the CFTC, the Court issued an Order of Final Judgment, Permanent Injunction, Civil Monetary Penalty and Other Equitable Relief against the Hunter Wise Entities, which ordered those entities and their principals to pay restitution to their customers. (*Id*. at ¶ 46; *see* Receivership Action, DE 306).

In the instant action, the Receiver alleges that Defendant International Metals Trading & Investments, Ltd. ("International Metals") was one of the dealer entities that "work[ed] to solicit customers and execute financed transactions with the HW Entities." (Compl. at ¶ 18). The Receiver alleges further that Perry "was the President and sole shareholder" of International Metals, that he managed its operations, personally solicited customers on behalf of the HW Entities, and facilitated fraudulent transactions between International Metals and the HW Entities. (*Id*. at ¶ 19). In addition, the Complaint alleges that one of the HW Entities, HW Credit, transferred a total of $564,335.59 in four separate transactions to International Metals as commissions for its solicitations. (*Id*. at ¶¶ 49-50, 53). This money, says the Complaint, derived from funds that the HW Entities' customers had invested. (*Id*. at ¶ 52). Purportedly, these funds were then transferred from International Metals to Perry. (*Id*. at ¶ 51).

The Receiver brings three causes of action against Defendants, two for fraudulent transfer under a California state statute (*id.* at ¶¶ 59-68; 69-79) and one for common law unjust enrichment (*id.* at ¶¶ 80-84). Perry seeks to dismiss the Complaint on various jurisdictional and procedural grounds, and also strenuously denies the factual allegations contained in the Complaint.

## LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) is one to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A defendant can move to dismiss under Rule 12(b)(1) by either facial or factual attack. *McElmurray v. Consolidated Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (quotations and citations omitted).[1] By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using extrinsic evidence, such as affidavits or testimony. *Id.* The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Where, as here, a district court does not hold an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, "the plaintiff must establish a prima facie case of personal jurisdiction." *Melgarejo v. Pycsa Panama, S.A.*, 537 F. App'x 852, 863 (11th Cir. 2013) (citing *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004)). "A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a

---

[1] For this reason, and as I have previously explained to Perry, his attacks on the merits of the case are, at this stage, premature.

directed verdict.  The district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." *Morris v. SSE, Inc.*, 843 F.2d 489 (11th Cir. 1988); *see also Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).  "Where . . . the defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).  "Where the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Id.*

## DISCUSSION

As a threshold matter, the Receiver argues that the Court should not reach the merits of Perry's grounds for dismissal because he has already answered the Complaint, meaning that any subsequently filed motion to dismiss is procedurally barred.  *See* Fed. R. Civ. P. 12(b) (motion under this provision must be filed "before" submitting responsive pleading).  I decline to apply that principle.  The disposition of this case is unusual in that Perry never filed a document self-styled as an answer.  Rather, the Court construed the document Perry submitted upon making an initial appearance (DE 30) as an answer because it addressed the merits of the allegations (*see* DE 31), though it was labeled a "Motion to Dismiss" (DE 30 at 1).  Since the Federal Rules "were not adopted to set traps and pitfalls by way of technicalities for unwary litigants", *Des Isles v. Evans*, 225 F.2d 235, 236 (5th Cir. 1955), I entertain the merits of Perry's Motions.[2]

Perry asserts that the Court lacks supplemental jurisdiction to hear this case.  *See* 28 U.S.C. § 1367(a).  However, "[i]t is well-established that a federal district court has subject

---

[2] Conversely, I do not discuss Perry's various grievances relating to discovery and scheduling issues, which are not relevant to a motion to dismiss and have been addressed in other orders.

matter in ancillary actions brought in the court where the receiver is appointed 'to accomplish the ends sought and directed by the suit in which the appointment was made.'" *Am. Freedom Train Found. v. Spurney*, 747 F.2d 1069, 1073 (1st Cir. 1984) (quoting *Pope v. Louisville, New Albany & Chicago Ry. Co.*, 173 U.S. 573, 577 (1899)); *accord Robb Evans & Assoc., LLC v. Holibaugh*, 609 F.3d 359, 363 (4th Cir. 2010); *Donnell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008); *Scholes v. Lehmann*, 56 F.3d 750, 753 (7th Cir. 1995); *United States v. Franklin Nat'l Bank*, 512 F.2d 245, 249 (2d Cir. 1975). Here, this Court appointed Damian as Receiver in the Receivership Action in order to recover the type of funds sought in the present action. Accordingly, the Court has supplemental jurisdiction over the Complaint's state court claims "irrespective of diversity, amount in controversy or any other factor which would normally determine jurisdiction." *Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 822 (6th Cir. 1981).

Next, the Court construes Perry's Motions to dispute personal jurisdiction over both himself and his company. As prior orders in this case stressed (*see* DE 31 at 2, n.1; DE 32), Perry cannot represent Defendant International Metals because corporate entities may not appear *pro se*. They must be represented by counsel in all dealings with the Court. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). In any event, personal jurisdiction over both Perry and International Metals exists pursuant to the federal receivership statutes. The Federal Rules make service an effective means of establishing personal jurisdiction when it is specifically "authorized by a federal statute." Fed. R. Civ. P. 4(k)(1)(C). 28 U.S.C. § 1692 is such a statute, since it allows "process [to be] issue[d] and [] executed[d]" – and therefore *in personam* jurisdiction to be exercised – in any federal district where receivership property[3] is "believed" to

---

[3] Suspected "property" need not be "tangible" or "nonfungible", but may refer to liquid assets as well. *Carney v. Horion Inv. Ltd.*, 107 F. Supp. 3d 216, 226-27 (D. Conn. 2015) (exercising jurisdiction where property upon which nationwide service was based included cash and real

exist, so long as the receiver adheres to the notification requirements set forth in § 754. *S.E.C. v. Bilzerian*, 378 F.3d 1100, 1103-04 (D.C. Cir. 2004); *Haile*, 657 F.2d at 823.  In this case, the Receiver avers that she followed § 754's notice requirements (Compl. at ¶ 8) and has demonstrated proper service of process upon both Perry and International Metals.[4]  Because service was proper, the Court has personal jurisdiction of Defendants in this case under Rule 4(k)(1)(C).

In a related argument, Perry suggests that the Receiver has not sued the correct entity. That is because, according to Perry, the referenced transactions were made between the HW Entities and a dissolved company formed in the British Virgin Islands.[5]  Perry believes this distinction critical because, in his view, the Court cannot exercise jurisdiction over a foreign corporation. That is not the case. As an initial matter, the plaintiff is master of her lawsuit and may select, rightly or wrongly, which entity to sue. *See Jean v. Nelson*, 711 F.2s 1455, 1487 (11th Cir. 1983) (survival of motion to dismiss "based solely on evidence presented by the plaintiff").[6]  Therefore, a defendant's belief that the "wrong" corporation has been sued "is a

---

[4] estate holdings).  In addition, most courts interpret § 1692's reference to "execution" of process to permit not just equitable orders but also *in personam* money judgments. *Bilzerian*, 378 F.3d at 1105-06.

[4] Perry insists that service was improper because he was never actually notified of the suit by the methods employed.  However, the Receiver filed proof of unsuccessful service attempts at Perry's prior addresses before seeking the Court's authorization to serve him by publication. (DE 17 & Ex. A thereto).  Pursuant to Court order, the Receiver then published notice of the action in Palm Beach, Florida and in the Chicago Daily Bulletin (DEs 20 & 21), the second of which corresponded to Perry's most recently documented location (DE 17).  As to International Metals, the Commissioner of Commerce, Community, and Economic Development is the appropriate agent for service of process when, as here, a corporation "fails to appoint or maintain a registered agent."  Ala. Stat. § 10.06.175; (DE 13 & Ex. A thereto).

[5] Perry notes that Defendant International Metals, the Alaska corporation and current Defendant, is also a dissolved corporation.

[6] That is, unless a defendant can satisfy the heavy burden of proving that he/it was fraudulently joined.  *See generally Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561-62 (11th Cir. 1989) (setting forth standard for fraudulent joinder).  Perry has not attempted such a showing.

factual issue related to the merits, not a jurisdictional issue." *Machteck Indus. Co. v. Shah*, No. 05-0645-W-ODS, 2005 WL 2065247, at *2 (W.D. Mo. Aug. 24, 2005).   In this case, the Receiver chose to sue a domestic corporation, and that choice controls.   Second, a dissolved corporation is not immune from litigation, because, under Florida law, its "corporate existence" continues after dissolution.   *Levine v. Levine*, 734 So. 2d 1191, 1196 (Fla. 2nd DCA 1999) (citing Fla. Stat. § 607.1405(2)(e), (f)).[7]   Third, district courts have found that personal jurisdiction exists over foreign corporations and citizens who are alleged to possess fraudulently obtained receivership property that the receiver believes is held in the United States.   *See, e.g.*, *Carney v. Horion Inv. Ltd.*, 107 F. Supp. 3d 216, 226-27 (D. Conn. 2015) (finding that service of process created jurisdiction over a Venezuelan citizen and his British Virgin Island and Belizean shell companies); *Carney v. Beracha*, 996 F. Supp. 2d 56, 67-70 (D. Conn. 2014) (rejecting argument that district court could exercise jurisdiction over Venezuelan citizen and his British Virgin Island alter ego companies only through international conventions); *Carney v. Lopez*, 933 F. Supp. 2d 365, 374 (D. Conn. 2013) (personal jurisdiction exercised over Costa Rican citizens that held bank accounts in Florida and New York).   Thus, *in personam* jurisdiction exists over Perry and International Metals – and would even if the latter was a foreign corporation.[8]

Finally, Perry argues that the present action against him is not proper because he never contracted with the HW Entities as an individual.   However, the claims asserted against Perry do not require contractual privity.   Under California's Uniform Fraudulent Transfer Act ("UFTA"),

---

[7] To the extent Alaska law governs this issue, the supreme court of that state has also determined that the local survival statute, Alaska Stat. 10.06.678, "expressly permits" post-dissolution lawsuits against corporations. *Gossman v. Greatland Directional Drilling, Inc.*, 973 P. 2d 93, 96 (Alaska 1999).

[8] I caution, however, that before this Court enters a default judgment against International Metals, the Receiver must reveal her basis for believing that assets exist in the districts where § 754 notices were filed.

the transferee of funds obtained through a fraudulent scheme may be held liable for the fraud if

he had "dominion over the money or other asset [or] the right to put the money or asset to one's

own purposes." *In re Cohen*, 199 B.R. 709, 715 (B.A.P. 9th Cir. 1996) (quoting *Danning v.

Miller (In re Bullion Reserve)*, 922 F.2d 544, 548-49 (9th Cir. 1991)) (internal alterations

omitted).  It is true that a transferee who accepts a transferor's ill-gotten funds in good faith may

escape liability, but good faith does not exist where the transferee colluded in the fraudulent

scheme or had "actual knowledge of facts which would suggest to a reasonable person that the

transfer was fraudulent." *CyberMedia, Inc. v. Symantec Corp.*, 19 F. Supp. 2d 1070, 1075 (N.D.

Cal. 1998); *see also Plaza Bank v. Green*, 599 F. App'x 801, 802 (9th Cir. 2015) (articulating

same principle on good faith defense in connection with analogous Nevada statute).  Similarly,

with respect to the unjust enrichment count, "a transferee with knowledge of the circumstances

giving rise to [that] claim may be obligated to make restitution." *First Nationwide Sav. v. Perry*,

11 Cal. App. 4th 1657, 1663 (Cal. Dist. Ct. App. 1992).  Here, the Receiver alleges that Perry

was the president and sole shareholder of International Metals.  Assuming that relationship to be

true, Perry would have had complete dominion over International Metals and would necessarily

have had knowledge about the nature of the transfers between it and HW Credit.  The Complaint

further alleges that the funds transferred from HW Credit to International Metals were later

transferred to Perry.  Accordingly, Perry may be held liable in his personal capacity as a

transferee of the funds in question.

For the foregoing reasons, Defendant Bill Perry's Motions to Dismiss with Prejudice (DE

38, 42, 44, 45, 51, & 52) are **DENIED**.  In addition, I note that Perry has now filed successive

motions to dismiss, which is contrary to the "consolidation rule" according to which "the

defendant advances every available Rule 12 defense simultaneously rather than interposing these

defenses and objections in piecemeal fashion." *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015) (citation omitted); *see* Fed. R. Civ. P 12(g)(2).  Perry's piecemeal filings have more than exhausted his right to challenge the adequacy of the Receiver's pleadings.  Therefore, in the future, the Court will not entertain another motion to dismiss unless it conforms to the exceptions provided in Rule 12(h)(2) or (3).

**SO ORDERED** in Chambers at West Palm Beach, Florida, this 22 day of March, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record;
Bill D. Perry, *pro se*
141 W. Jackson St.
Chicago, IL 60604