IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 1:16-cv-20343-DMM

Melanie E. Damian, as Receiver of Hunter
Wise Commodities, LLC, Hunter Wise
Services, LLC, Hunter Wise Credit, LLC,
And Hunter Wise Trading, LLC,

        Plaintiff,

v.

International Metals Trading & Investments, Ltd.
and Bill Perry,

        Defendants.
_____/

**RECEIVER'S VERIFIED STATUS REPORT**
**REGARDING DAMAGES ANALYSIS**

Plaintiff, Melanie E. Damian, in her capacity as the court-appointed Equity Receiver (the "Plaintiff" or "Receiver") for Hunter Wise Commodities, LLC, Hunter Wise Services, LLC, Hunter Wise Credit, LLC, and Hunter Wise Trading, LLC (collectively, the "Hunter Wise Entities" or "HW") in the above-captioned enforcement action, submits her Verified Status Report, pursuant to the Court's August 2, 2017 Order, concerning the parties' exchange and review of documents for purposes of determining the amount of damages, if any, to be awarded in the judgment in favor of the Receiver and against Defendant International Metals Trading & Investments, Ltd. ("International Metals"), and states as follows:

**I.    PROCEDURAL BACKGROUND**

On January 29, 2016, Plaintiff, as Receiver for the Hunter Wise Entities, brought the above-captioned action against Defendants International Metals and its principal Bill Perry ("Mr. Perry")

(collectively, "Defendants") seeking damages for: (1) Fraudulent Transfer under California Civil Code Section 3439.04(a)(1); (2) Fraudulent Transfer under California Civil Code Sections 3439.04(a)(2) and 3439.05; and (3) Unjust Enrichment.  *See* ECF No. 1.   The Receiver's claims were based on various transfers that HW made to International Metals and to Mr. Perry during the time period during which HW was insolvent and perpetrating a fraudulent scheme that resulted in substantial losses to its end customers and creditors.

On August 2, 2017, the Receiver attended the Pretrial Conference, during which the Receiver and Mr. Perry, appearing by telephone, discussed the factual and legal bases for the Receiver's claims, the amount of damages that the Receiver was seeking, and evidentiary bases for the Receiver's claims and damages calculations.  Pursuant to the recommendation of the Receiver, the Court dismissed the Receiver's claims against Mr. Perry individually, and then granted Mr. Perry 45 days to submit documentation disputing the Receiver's damages calculations as to International Metals.  Subsequently, the Court extended that deadline to October 18, 2017 and directed the Receiver to file with the Court, on or before October 25, 2017 a Status Report setting forth the parties' exchange and review of documents and conclusions regarding the amount of damages, if any.

## II.     EXCHANGE AND ANALYSIS OF DOCUMENTS

Accordingly, the Receiver and Mr. Perry exchanged and reviewed various bank statements and HW account statements for the period from September 2009 through March 2013.  These statements reflected transfers made between Mr. Perry and HW and transfers made between International Metals and HW.  The statements that Mr. Perry provided to the Receiver confirmed the Receiver's determinations, based on HW's records and bank statements, regarding the total

2

amount that Mr. Perry and International Metals each transferred to HW and the total amount that HW transferred back to Mr. Perry and International Metals.

In particular, the Receiver's and Mr. Perry's records reflect 5 transfers from Mr. Perry to HW, totaling $323,306.91, and 3 transfers from HW to Mr. Perry, totaling $112,086.73. Therefore, these records reveal that Mr. Perry incurred a total net loss $211,220.18. Further, the Receiver's and Mr. Perry's records reflect 3 transfers from International Metals to HW, totaling $309,039.83, and 4 transfers from HW to International Metals, totaling $564,335.59. As such, according to these records, International Metals appears to have received a total net gain of $255,295.76.

Mr. Perry informed the Receiver's counsel that he and International Metals made additional transfers to HW but that he could not locate records that reflect such transfers. In particular, Mr. Perry indicated that he or International Metals transferred at least $5,500 to HW to open a "dealer" account for the predecessor of International Metals, U.S. Capital Trading & Finance, and that he transferred other amounts not reflected in the records that the parties exchanged. Such transfers to HW would increase Mr. Perry's total net loss and/or reduce International Metals total net gain.

### III.   CONCLUSION

As a compromise of the Receiver's claims against International Metals, the Receiver proposes to offset International Metals' total net gain of $255,295.76 (according to the records exchanged by the parties) by Mr. Perry's total net loss of $211,220.18 (according to the records exchanged by the parties), even though International Metals is a separate legal entity and not entitled to such a setoff. Mr. Perry has informed the Court and the Receiver that all of the funds that International Metals transferred to HW were his personal funds and not the funds of the company or any customer of the company. Upon performing the setoff, the apparent net gain of

International Metals is reduced from $255,295.76 to $44,075.58.  In the event Mr. Perry is able to provide further evidence of additional transfers from him or International Metals to HW, that apparent net gain will decrease further.  Until he does so, however, the Receiver must propose that Judgment be entered against International Metals in the amount of $44,075.58.

Respectfully submitted this 25th day of October 2017.

## VERIFICATION

I hereby swear, under penalty of perjury, that the foregoing Status Report is true and correct.

/s/ Melanie E. Damian
Melanie E. Damian, Receiver

Respectfully submitted,

**DAMIAN & VALORI, LLP**
*Counsel for Receiver*
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile:  (305) 371-3965

/s/ Kenneth Dante Murena
KENNETH DANTE MURENA
FLORIDA BAR NO. 147486

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 25, 2017, a true and correct copy of Plaintiff's Pretrial Stipulation was served via CM/ECF on all parties and counsel of record, and on Defendant Bill Perry via facsimile (312-803-0938) and email (bp1058@icloud.com).

/s/Kenneth Dante Murena
Kenneth Dante Murena